### NELSON WILLIAMS *vs.* CHESTFR W. GREENE.

Exceptions adjudged frivolous, and judgment rendered against the party excepting for double costs.

THIS was an action of replevin for certain engines and lathes named in the writ, which was dated September 2d, 1846, and was tried before *Ward,* J., in the court of common pleas. The plaintiff claimed the articles replevied under a bill of sale thereof to him from Pierce Millard, dated August 15th, 1846, and a delivery on the same day, subject to a mortgage to the Fall River Iron Works Company.

The defendant, who was a deputy sheriff, claimed to hold the goods, in virtue of sundry attachments thereof, as the property of Pierce Millard, on certain writs issued against him, which were duly returned and entered in court; but these actions, it appeared, were settled, subsequently to the date of the writ in this case, by an entry therein of " neither party."

The defendant offered evidence to prove, that the bill of sale from Millard to the plaintiff was fraudulent, and made for the sole purpose of protecting the property from attachment. The plaintiff objected to the evidence, on the ground, that, as the actions against Millard, on which the articles replevied were attached, had all been withdrawn, it was not now competent for the defendant to impeach the plaintiff's title. But the court overruled the objection.

The defendant then called witnesses to prove the fraudulent character of the bill of sale from Millard to the plaintiff, and, among others, a witness who testified that Millard and the plaintiff came to him on the 19th of January, 1847, and, after making certain communications, procured him to draw an instrument which was signed by both parties. The communications were objected to and rejected, but the instrument was admitted by consent.

The defendant then called a witness, who testified, that, shortly before the instrument was drawn, he went with Mil-

lard to the plaintiff, and a conversation there took place, which he narrated, and which tended to show that the sale to the plaintiff was fraudulent and without consideration, and that the plaintiff agreed to reconvey the property to Millard, on certain terms which he named; whereupon the witness suggested to the parties, that they should go to the witness above mentioned, to have an instrument drawn for the purpose in question. The plaintiff then inquired of the witness, " whether the agreement of which he had testified was substantially contained in the instrument which was subsequently drawn, and which had been introduced in evidence; " to which the witness answering in the affirmative, the plaintiff moved the court to rule out the conversation testified to by the witness, on the ground, that the same had been reduced to writing; but the court ruled, that the conversation was competent to show fraud, and for no other purpose.

The defendant then called the wife of Millard, for the purpose of contradicting a witness called by the plaintiff to prove the sale and delivery of the articles replevied. The plaintiff objected to the admission of the witness, on the ground, that her husband was interested, but the objection was overruled.

The plaintiff contended, that, from the instrument above mentioned, it was evident, that the legal title was in the plaintiff, Millard never having performed the conditions therein contained ; but the court ruled, that the defendant might still show that the original sale to the plaintiff was fraudulent.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*T. G. Coffin,* (who was not counsel in the court below,) for the plaintiff.

*C. J. Holmes,* for the defendant, moved that the exceptions be adjudged frivolous, and that the defendant be allowed double costs. Rev. Sts. c. 82, § 16.

By THE COURT. The wife of Millard was a good witness. Millard himself was a competent witness. The real question in issue was, whether the officer had a right to attach and hold the property for creditors, at the time of the attachment

and it was no answer, that the attachments had been dissolved, at the time of the trial. At present, there is nothing on the record, entitling the defendant to a return. If a suggestion is made for that purpose, it must be considered on its merits. The exceptions are overruled; and, it appearing to the court that they are frivolous, the defendant is entitled to judgment for double costs.